UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21340-CV-LENARD
(15-20545-CR-LENARD)
MAGISTRATE JUDGE REID

GUILLERMO A. SANCHEZ-BADIA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

Petitioner filed a *pro se* petition for writ of *coram nobis*, pursuant to 28 U.S.C. § 1651(a) ("All Writs Act"), where he challenges the amount of restitution charged against him in the underlying criminal case. [CV-ECF No. 1]. Petitioner asks the Court to vacate his sentence and adjust it to 70 months. [CV-ECF No. 1].

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings in the United States District Courts.

1

The Court has reviewed the petition [CV-ECF No. 1]; all pertinent portions of the underlying criminal file; Petitioner's prior habeas proceedings in Case Nos. 17-22171-CV-Lenard, 19-22036-CV-Lenard, and 19-23508-CV-Lenard; and the Government's response. [CV-ECF No. 6].

For the reasons stated below, the petition [CV-ECF No. 1] should be DISMISSED because it amounts to an impermissible, successive habeas motion.

## II.    Claims

Construing the motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner raises the following grounds for relief. Petitioner alleges the amount of restitution (or loss) was arbitrarily determined and is not harmless because it has a material effect on his sentence. [CV-ECF No. 1 at 6-8]. Petitioner wants to be resentenced to 70 months or to have an evidentiary hearing to properly assess the loss amount. [*Id*. at 8].

## III.    Relevant Procedural History

The facts related to Petitioner's criminal conviction were sufficiently summarized by the Court in its orders denying relief in Petitioner's prior habeas proceedings in Case Nos. 17-22171-CV-Lenard, 19-22036-CV-Lenard, and 19-23508-CV-Lenard. Therefore, the Undersigned does not repeat them here. Petitioner pled guilty pursuant to a negotiated plea agreement supported by a factual proffer to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in

violation of 18 U.S.C., § 1343; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [CR-ECF Nos. 84, 85]. After granting defense counsel's request for a downward variance, on June 9, 2016, Petitioner was sentenced to a total of 144 months in prison, for all counts to be served concurrently with an additional consecutive term of ten months, pursuant to 18 U.S.C. § 3147. [CR-ECF No. 118]. Petitioner was ordered to pay $11,503,068 in restitution. [*Id.* at 5].

Petitioner timely filed his first motion to vacate his sentence on June 9, 2017, claiming counsel was ineffective for failing to present evidence to rebut the suggestion that Petitioner was solely responsible for the financial losses of The Factor Group. [Case No. 17-22171-CV-Lenard, ECF No. 10]. The Court denied relief finding Petitioner's claims were without merit. [*Id.*, ECF No. 22]. Petitioner appealed but the Eleventh Circuit dismissed the case for want of prosecution. [*Id.*, ECF No. 32].

Next, Petitioner filed a motion to reduce sentence under Rule 60 seeking to challenge his sentencing enhancement and asking the Court to reconsider its finding that he was not entitled to an evidentiary hearing in his first habeas proceeding. [CR-ECF No. 132]. The Court construed the filing as one pursuant to 28 U.S.C. § 2255 and opened Case No. 19-22036-CV-Lenard. [CR-ECF No. 135]. The Court denied the motion for reconsideration and dismissed the challenge to the sentencing

3

enhancement for lack of jurisdiction because the motion amounted to an impermissible, successive habeas petition. [Case No. 19-22036-CV-Lenard, ECF No. 4].

Most recently, Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2241, in Case No. 19-23508-CV-Lenard, again challenging his sentence enhancement based on an allegedly incorrect loss amount. [Case No. 19-23508-CV-Lenard, ECF No. 1]. The Court denied his claim because his petition was "in legal effect, a successive motion under 28 U.S.C. § 2255." [*Id.*, ECF No. 12]. Petitioner appealed but, on February 11, 2020, the Eleventh Circuit dismissed the case for want of prosecution. [*Id.*, ECF No. 19].

Now, just over one month after the appellate court's dismissal of his appeal in Case No. 19-23508-CV-Lenard, Petitioner initiated the instant matter as his third attempt to circumvent § 2255 by filing the petition pursuant to *coram nobis* to reduce his sentence. [CV-ECF No. 1]. Again, Petitioner argues that he is not solely responsible for The Factor Group's financial losses and that the loss amount was incorrectly calculated, the payee has not been determined, and the loss amount is arbitrary. [*Id.* at 5-6]. He repeats his claim that the prior habeas motions were "incorrectly denied" and that counsel was ineffective. [*Id.* at 2-3]. Petitioner acknowledges two prior habeas proceedings. [*Id.* at 4-5].

## IV.    Applicable Law & Discussion

### A.  Coram Nobis

The writ of *coram nobis* has been abolished in civil cases. *See* Fed. R. Civ. P.
60(b). "A petition for a writ of *coram nobis* provides a way to collaterally attack a
criminal conviction for a person . . . who is no longer 'in custody' and therefore
cannot seek habeas relief." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013).
"Courts may consider *coram nobis* petitions only where no other remedy is available
and the petitioner presents sound reasons for failing to seek relief earlier." *United
States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).

*Coram nobis* is not an appropriate vehicle for Petitioner to use to challenge
the length of his sentence or restitution calculation because he remains in custody
and has an available remedy through 28 U.S.C. § 2255. *Williams v. United States*,
785 F. App'x 710, 713 (11th Cir. 2019) ("*Coram nobis* relief is not available to a
person who is 'in custody' for purposes of § 2255.") (citing *United States v. Brown*,
117 F.3d 471, 475 (11th Cir. 1997)). Although courts have construed petitions for a
writ of *coram nobis* as a § 2255 motion when the movant was still in custody they
have refused to do so when the movant already filed a § 2255 motion and had not
sought leave to file a successive motion. (*United States v. Chaff*, 269 F. App'x 878,
879 (11th Cir. 2008) (citing *United States v. Garcia*, 181 F.3d 1274, 1275 (11th Cir.
1999)).

*B.  Successive Motions Under § 2255*

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) (*per curiam*) ("Rule 4(b) of [§] 2255 allows the district court to summarily dismiss the motion . . . if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]"). In reviewing a motion under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (*per curiam*) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"[F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996) (*per curiam*) (citing *Haines*, 404 U.S. at 520). "Without authorization, the district court lacks jurisdiction to consider a second or successive [motion to vacate]." *Farris v. United States*, 333 F.3d 1211,

6

1216 (11th Cir. 2003) (citation omitted).

Petitioner has not yet sought permission, nor obtained permission, from the Eleventh Circuit to file a successive petition as determined from a search of the Public Access to Court Electronic Records ("PACER") website. Because the instant petition is an unauthorized successive § 2255 motion, if Petitioner intends to pursue this case, he should file the proper application with the Eleventh Circuit. Under the circumstances of this case, transfer to the Eleventh Circuit is unnecessary under Section 1631 nor would a stay of the present case be appropriate. *See generally Guenther v. Holt*, 173 F.3d 1328 (11th Cir. 1999). The instant motion should be DISMISSED because the Court is without proper jurisdiction to address Petitioner's claims on the merits.

## V.    Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, in view of the entire record, the Court should deny a certificate of appealability. If Petitioner disagrees, he may so argue in any objections filed with the District Court Judge. *See* Rule 11(a), Rules Governing § 2255 Proceedings ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## VI.    Recommendation

As discussed above, it is recommended that the Court find that Petitioner's petition for a writ of *coram nobis* is, in legal effect, an impermissible, successive § 2255 motion and should be DISMISSED for lack of jurisdiction. It is further recommended that NO certificate of appealability issue and that the case be CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 28th of July, 2020.

_____ _____
UNITED STATES MAGISTRATE JUDGE

cc:     Guillermo A. Sanchez-Badia
        31054-016
        Miami FCI
        Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box 779800
        Miami, FL 33177
        PRO SE

        United States of America represented by Noticing
        § 2255 U.S. Attorney
        Email: usafls-2255@usdoj.gov